# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RUBIDOUX,<br><br>    Petitioner,<br><br>v.<br><br>R. GROUNDS, Warden,<br><br>    Respondent. | Civil No.   14-CV-0037-H (MDD)<br><br>**ORDER DENYING PETITIONER'S MOTION TO FILE IN CALIFORNIA SUPREME COURT AS MOOT**<br><br>**[Doc. No. 9]** |

On March 14, 2014, Petitioner, a state prisoner proceeding pro se, filed a first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Doc. No. 5.) On April 9, 2014, the Court dismissed the petition without prejudice because Petitioner failed to allege exhaustion of his state judicial remedies. (Doc. No. 7.) On May 2, 2014, Petitioner filed a motion seeking permission from the Court to file an amended petition to the California Supreme Court in State Case No. S186141. (Doc. No. 9.)

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b); (c); Banks v. Dretke, 540 U.S. 668, 690 (2004). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Pombrio v. Hense, 631 F. Supp. 2d 1247, 1251 (C.D. Cal. 2009).

1 | Habeas proceedings in California State Court are governed by California statute. See Cal. Penal Code §§ 1473 et. seq. The Court takes no position on whether Petitioner's filing an amended petition with the California Supreme Court comports with California's procedural requirements. Accordingly, the Court denies Petitioner's motion for permission to file with the California Supreme Court as moot.

Nonetheless, the Court has no objection to Petitioner filing with the California Supreme Court, and subsequently filing a Second Amended Petition with this Court. To reopen his case, Petitioner must file a Second Amended Petition that cures the pleading deficiencies set forth in the Court's previous order no later than sixty (60) days after receiving a ruling in State Case No. S186141. (See Doc. No. 7 at 4.)

**IT IS SO ORDERED.**

DATED: May 8, 2014

_____
Marilyn L. Huff, District Judge
UNITED STATES DISTRICT COURT

Copies to:   ALL PARTIES