# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RUBIDOUX,<br><br>Petitioner,<br><br>v.<br><br>R. GROUNDS,<br><br>Respondent. | Case No.:  3:14-cv-00037-H-MDD<br><br>**ORDER:**<br>**(1) GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; AND**<br>[Doc. No. 18]<br>**(2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br>[Doc. No. 21] |

On December 16, 2013, Petitioner Andre Rubidoux, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. Nos. 1, 7.) The Court allowed Petitioner to amend his pleading twice. (Doc.

---

[1] Under the prisoner mailbox rule, a *pro se* prisoner's petition for habeas corpus is deemed filed at the moment of delivery to prison authorities for forwarding to the court. Houston v. Lack, 487 U.S. 266, 270 (1988); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010). The present petition was

1

Nos. 4, 7, 10.) On July 30, 2015, Petitioner filed his second amended petition. (Doc. No. 11.)

On December 10, 2015, Respondent filed a motion to dismiss arguing that the petition is barred by the one-year statute of limitations provided by 28 U.S.C. § 2244. (Doc. No. 18.) On February 2, 2016, the magistrate judge issued a report and recommendation to grant Respondent's motion to dismiss. (Doc. No. 21.) On March 28, 2016, Petitioner filed an objection to the report and recommendation.[2] (Doc. No. 26.) For the reasons that follow, the Court adopts the magistrate judge's report and recommendation and grants Respondent's motion to dismiss.

## Background

In 2009, Petitioner pleaded guilty in San Diego County Superior Court to one count of carjacking in violation of California Penal Code § 215(a) and was sentenced to nine years imprisonment. (Doc. No. 19-1, Lodgment No. 1 at CT36.) On appeal, the California Court of Appeal affirmed the trial court's judgment. (Doc. No. 19-6, Lodgment No. 5.) On October 13, 2010, the California Supreme Court denied Petitioner's petition for direct review. (Doc. No. 19-8, Lodgment No. 7.) Petitioner did not file a petition for a writ of certiorari with the Supreme Court of the United States.

Petitioner previously filed a federal petition for a writ of habeas corpus in this district on October 20, 2011, which was dismissed without prejudice for failure to pay the filing fee and for failure to exhaust state judicial remedies. (Rubidoux v. Grounds, No. 11-cv-2444, Doc. Nos. 1, 2.) The Court gave Petitioner until December 27, 2011, to reopen his

---

postmarked and therefore constructively filed on December 16, 2013. (Doc. No. 1 at 52.) The Court notes that there is a signature on the envelope that appears to be dated December 12, 2013. (Doc. No. 1 at 53.) But, the Court need not determine whether the constructive filing date should be December 16, 2013, or December 12, 2013, because, on the facts of this case, it would not affect the Court's analysis whether the petition is dated from the date of the signature or from date of the postmark. See Campbell, 614 F.3d at 1059 n.2.

[2]   In the objection, Petitioner alleged experiencing delays in receiving mail due to a change of address. (Doc. No. 26.) Petitioner did not address the statute of limitations issue contained in Respondent's motion to dismiss. (Id.)

case. (Id., Doc. No. 2 at 2.) Petitioner failed to reopen the case by the deadline.

Approximately two years later, on December 16, 2013, Petitioner filed the present federal habeas petition before this Court. (Doc. No. 1.) On March 24, 2015, Petitioner filed a state habeas petition with the California Supreme Court. (Doc. No. 19-9, Lodgment No. 8.) The California Supreme Court denied the petition and cited In re Robbins, 18 Cal. 4th 770, 780 (1998).[3] (Doc. No. 11 at 13.)

## Discussion

### I. Legal Standards

Since Petitioner filed the present federal habeas corpus petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the petition. Lindh v. Murphy, 521 U.S. 320, 326-27 (1997); Chein v. Shumsky, 373 F.3d 978, 983 (9th Cir. 2004) (en banc). AEDPA imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal courts. 28 U.S.C. § 2244(d)(1); Holland v. Florida, 560 U.S. 631, 635 (2010). Section 2244(d) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3]  In Robbins, the California Supreme Court held that a habeas corpus petition is untimely if it is filed more than ninety days after the final due date for direct appeal unless the defendant establishes good cause for the delay or that the claim falls within an exception to the bar of untimeliness. See 18 Cal. 4th at 780.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

For purposes of 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations begins to run the day after the judgment becomes final on direct review. See McMonagle v. Meyer, 802 F.3d 1093, 1097 (9th Cir. 2015) (en banc); see also Fed. R. Civ. P. 6(a). The direct review process includes the ninety-day period within which a petitioner can seek a writ of certiorari from the Supreme Court of the United States, whether or not the petitioner actually files such a petition. McMonagle, 802 F.3d at 1097; see also U.S.C.S. Supreme Ct. R. 13.

The one-year period AEDPA affords a state prisoner to file a federal habeas corpus petition is tolled during the pendency of any properly filed state court application for collateral review. 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 217 (2002). In addition to statutory tolling, a petitioner seeking habeas corpus relief is entitled to equitable tolling if the following two elements are established: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653 (internal quotation marks omitted).

## II.   Statute of Limitations

Respondent moves to dismiss the petition for writ of habeas corpus on the grounds that the petition is barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d). (Doc. No. 18-1 at 2-4.) The California Supreme Court denied Petitioner's petition for review on October 13, 2010. (Doc. No. 19-8, Lodgment No. 7.) Petitioner had ninety days, or until January 11, 2011, to file a petition for a writ of certiorari with the Supreme

Court of the United States. See McMonagle, 802 F.3d at 1097; U.S.C.S. Supreme Ct. R. 13. Petitioner did not seek certiorari. Therefore, Petitioner's conviction became final on the following day, January 12, 2011, and AEDPA's one–year statutory period began to run on that same day. See 28 U.S.C. § 2244(d)(1)(A). Accordingly, AEDPA's one-year statute of limitations expired on January 11, 2012, absent statutory or equitable tolling. See id.

Although Petitioner filed a federal habeas corpus petition on October 20, 2011, within the limitations period, it was dismissed without prejudice for failure to pay the filing fee and for failure to exhaust state judicial remedies. (Rubidoux v. Grounds, No. 11-cv-2444, Doc. Nos. 1, 2.) Petitioner waited until December 16, 2013, to file the present petition, (Doc. No. 1), which was almost two years after AEDPA's statute of limitations expired. Accordingly, absent tolling, the present petition is untimely.

### III.  Tolling of Statute of Limitations

Petitioner is not entitled to statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2). Petitioner's habeas corpus petition with the California Supreme Court did not toll AEDPA's statutory period because the state petition was filed on March 24, 2015, after he filed the present federal petition and after AEDPA's statute of limitations had already run out. (Doc. No. 19-9, Lodgment No. 8.) Moreover, Petitioner's previous filing of a federal habeas petition did not toll the limitations period because a federal petition for habeas review is not "application for State post-conviction or other collateral review" within the meaning of section 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Furthermore, Petitioner is not entitled to equitable tolling under Pace. 544 U.S. at 418. Petitioner did not allege that he was entitled to equitable tolling in any of his habeas petitions in this action, nor did he present any evidence as to why he did not diligently pursue his legal interests after his first federal petition was dismissed in the prior action. (See Doc. No. 11.) In addition, Petitioner has made no showing of any extraordinary circumstance that would have prevented a timely filing. (See id.) Therefore, Petitioner has failed to satisfy Pace's standard of equitable tolling, and his petition is barred by AEDPA's one-year statute of limitations.

## Conclusion

For the foregoing reasons, the Court adopts the magistrate judge's report and recommendation and grants Respondent's motion to dismiss the petition for a writ of habeas corpus. (Doc. Nos. 7, 9.)

**IT IS SO ORDERED.**

DATED: May 27, 2016

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT